Since AGO 074-256 was issued, it has come to our attention that the United States Court of Appeals for the Fifth Circuit has rendered a decision which significantly affects procedures to be followed in administering corporal punishment in the state school system. In Ingraham v. Wright, 498 F.2d 248 (5th Cir. 1974), a civil rights action was brought by the parents of children who had been corporally punished for compensatory and punitive damages and declaratory and injunctive relief as to the use of corporal punishment in the county school system. In holding that the use of corporal punishment at one school violated the prohibition against cruel and unusual punishment and the student's right to due process of law, the court formulated certain procedural safeguards to serve as guidelines for the constitutional administration of corporal punishment. Specifically, the following procedures should be carefully followed in order to fully comport with the court's ruling:
A student must know and understand the rule under which he is to be punished. School authorities must tell the student before he is punished precisely what he has done which merits punishment. If the student concedes he has engaged in misconduct, it must then be determined if corporal punishment should be administered and the details of its administration. These decisions should be made by someone who was not directly involved in the circumstances surrounding the alleged misconduct. If the student concedes that he has engaged in certain conduct, but claims he did not know it was prohibited, school authorities should proceed with caution. Inquiry should be made to determine if the student knew or should have known that his conduct violated school policies. To aid in this determination, written rules of conduct should be published and distributed within the school system. If the student claims he is innocent, school officials should make sufficient inquiries to determine guilt beyond a reasonable doubt. This means that witnesses should be questioned and students given the opportunity to call their own witnesses. The student should be afforded the right to respond to witnesses against him and in some cases he should be accorded the opportunity to question adverse witnesses. Alternative measures which range from parent and student conferences, and the use of guidance counselors and psychologists, to suspension and expulsion should also be considered in conjunction with the age of the student and the possible risk of physical and psychological damage before a student is corporally punished. Corporal punishment should never be administered to a student who school personnel know or have reason to believe is under psychological or medical treatment unless there has been a pre-conference with the school psychologist or the physician. Punishment should be administered "posteriorly" and under no circumstances shall a student be struck about the head, shoulders, hands, etc. Elementary school children may be struck a maximum of five strokes and junior and senior high school students a maximum of seven strokes with an instrument calculated to eliminate possible physical injury.
While the court declined to decide the question of whether a student may be corporally punished without parental approval or despite parental objections, and instead remanded the issue back to the district court for findings of fact and conclusions of law, I am of the view that until this issue is judicially clarified, school administrators should refrain from corporally punishing students whose parents have voiced objections to school officials regarding such procedures. Unless the court's decision in Ingraham is reversed either by the Fifth Circuit en banc or the United States Supreme Court, the above procedures should be fully complied with.